UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-02208-KK-MBKx** | Date: | October 30, 2025 |
|---|---|---|---|
| Title: | ***Arturo Damian Diaz v. General Motors LLC, et al.*** | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Twyla Freeman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order DENYING Plaintiff's Motion to Remand [Dkt. 18]

**I.
INTRODUCTION**

On May 12, 2025, plaintiff Arturo Damian Diaz ("Plaintiff") filed a Complaint against defendant General Motors LLC ("Defendant") in San Bernardino County Superior Court, alleging violations of California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, et seq. ("Song-Beverly Act").  ECF Docket No. ("Dkt.") 1-1, Ex. A, Complaint ("Compl.").  On August 22, 2025, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1446.  Dkt. 1.  On September 19, 2025, Plaintiff filed the instant Motion to Remand ("Motion").  Dkt. 18, Motion ("Mot.").

The Court finds this matter appropriate for resolution without oral argument and hereby **VACATES** the hearing for the Motion scheduled for November 6, 2025.  See Fed. R. Civ. P. 78(b); L.R. 7-15.  For the reasons set forth below, Plaintiff's Motion is **DENIED**.

**II.
BACKGROUND**

On September 26, 2023, Plaintiff purchased a 2023 Chevrolet Silverado 1500 ("Subject Vehicle").  Compl. ¶¶ 6, 9.  During his ownership of the Subject Vehicle, Plaintiff alleges "the Subject Vehicle manifested defects covered by Defendant's express written warranties," including but not limited to "engine and transmission system defects."  Id. ¶ 12.  Plaintiff alleges he brought the Subject Vehicle to Defendant and/or its authorized facilities for repair, but Defendant failed to

repair the Subject Vehicle in a timely manner, replace the Subject Vehicle, or offer sufficient service literature and replacement parts.  Id. ¶¶ 8-28.

On May 12, 2025, Plaintiff filed the operative Complaint against Defendant in San Bernardino County Superior Court, seeking, among other forms of relief, actual damages and a civil penalty.  Id.  The Complaint raises the following four causes of action:

1. **Cause of Action One:**  Violation of the Song-Beverly Act, Cal. Civ. Code § 1793.2(d);
2. **Cause of Action Two:**  Violation of the Song-Beverly Act, Cal. Civ. Code § 1793.2(b);
3. **Cause of Action Three:**  Violation of the Song-Beverly Act, Cal. Civ. Code § 1793.2(a)(1)(A)(3); and
4. **Cause of Action Four:**  Violation of the Song-Beverly Act, Cal. Civ. Code § 1791.1.

Id. ¶ 8-33.

On May 20, 2025, Defendant was served with the summons and Complaint.  Mot. at 1; dkt. 18-1, ¶ 5, Ex. 1.  On June 18, 2025, Defendant filed an Answer to the Complaint.  Dkt. 1-2, Ex. B.

On August 22, 2025, Defendant filed a Notice of Removal.  Dkt. 1.  Defendant argues removal is proper based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.  Id. at 3-6.

On September 19, 2025, Plaintiff filed the instant Motion.  Mot.  Plaintiff argues the matter should be remanded because Defendant failed to file the Notice of Removal within 30 days of service of the Complaint.  Id. at 4-8.  Additionally, Plaintiff argues Defendant has not satisfied the amount in controversy requirement.  Id. at 8-10.  In support of the Motion, Plaintiff submits the Declaration of Michelle Yang ("Yang Decl."), dkt. 18-1.

On October 16, 2025, Defendant filed an Opposition to the Motion.  Dkt. 21, Opposition ("Opp.").  In support of the Motion, Defendant submits the Declaration of Kevin M. Fitch ("Fitch Decl."), dkt. 21-1.  Defendant also submits copies of the Retail Installment Sales Contract, Fitch Decl., ¶ 2, Ex. A ("RISC"); Repair History, Fitch Decl., ¶ 3, Ex. B; and Payment History, Fitch Decl., ¶ 4, Ex. C.

On October 23, 2025, Plaintiff filed a Reply in support of the Motion.  Dkt. 22, Reply.

This matter, thus, stands submitted.

### III.
### LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction.  When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties and (2) an amount in controversy over $75,000.  28 U.S.C. § 1332; see also Chavez v. JPMorgan

Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); see also Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

## IV.
## DISCUSSION

### A. DEFENDANT'S NOTICE OF REMOVAL IS TIMELY

#### 1. Applicable Law

Pursuant to 28 U.S.C. § 1446(b)(1), a defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. Alternatively, if the basis for removal is not clear on the face of the complaint, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The 30-day "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.'" Dietrich v. Boeing Co., 14 F.4th 1089, 1091 (9th Cir. 2021). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). While a defendant must "apply a reasonable amount of intelligence in ascertaining removability," they "need not make extrapolations or engage in guesswork." Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1140 (9th Cir. 2013) (citation and internal quotation marks omitted).

If neither 30-day deadline under 28 U.S.C. § 1446(b) applies, a defendant may "remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1125 (9th Cir. 2013). In any event, under 28 U.S.C. § 1446(c)(1), removal based on diversity jurisdiction is limited to one year after commencement of the action, unless the plaintiff has acted in bad faith.

#### 2. Analysis

Here, Plaintiff argues service of the Complaint on May 20, 2025 triggered the 30-day deadline for removal under 28 U.S.C. § 1446(b)(1) because the Complaint established the "overall removability of the action." Mot. at 2. However, contrary to Plaintiff's argument, the face of the Complaint was indeterminate as to the amount in controversy. In fact, as Plaintiff concedes, the Complaint "does not allege a specific monetary relief figure." Id. at 7.

Plaintiff nonetheless argues Defendant, "[g]iven its sophisticated knowledge of the motor vehicle industry," was able to "ascertain an approximation of the Subject Vehicle's market value as the manufacturer and distributor of the Subject Vehicle; especially given that the make, model, year, and VIN, were included . . . within the Complaint." Id. at 6-7. Further, Plaintiff contends the

caption page and Civil Case Cover Sheet attached to the Complaint showed the case was filed under the state court's unlimited jurisdiction, indicating he sought over $35,000 in damages. Id. at 7. Plaintiff, thus, concludes that because the Complaint "expressly lays out the specific forms of statutory relief," including civil penalties and attorney's fees, the Complaint "ma[d]e it clear that the instant action was removable." Id.

The Court is not persuaded by Plaintiff's arguments. First, Defendant's sophistication in the motor vehicle industry and subjective knowledge is irrelevant as to notice of removability. See Harris, 425 F.3d at 695 (rejecting subjective knowledge as a test for notice). Second, the fact that Plaintiff filed an unlimited civil case in state court did not indicate to Defendant the amount in controversy exceeded $75,000.[1] See Lopez v. Gen. Motors, LLC, No. CV 25-06549-MWF-MAAx, 2025 WL 2629545, at *2 (C.D. Cal. Sept. 11, 2025) (rejecting the same argument); see also Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 886 (9th Cir. 2010) ("The checked 'Unlimited' box on the cover sheet merely indicates that the '[a]mount demanded exceeds $25,000.'"). Hence, given the ambiguity on the face of the Complaint where Plaintiff failed to provide any information concerning the amount of damages sought, Defendant had no duty to "make extrapolations or engage in guesswork" as to the amount of controversy.[2] Kuxhausen, 707 F.3d at 1140; see also Covarrubias v. Ford Motor Co., No. CV 25-00328-JLS-MAAx, 2025 WL 907544, at *3 (C.D. Cal. Mar. 24, 2025) (finding a complaint was indeterminate as to the amount in controversy when the complaint failed to provide information on the amount of actual damages or statutory offsets under the Song-Beverly Act).

Thus, it was not "unequivocally clear and certain" from the Complaint that Defendant had grounds for removal based on diversity jurisdiction. Dietrich, 14 F.4th at 1095. Because the Complaint was ambiguous on its face as to removability based on diversity jurisdiction, the 30-day removal clock did not start when the Complaint was served on May 20, 2025. Hence, Defendant was permitted to file a Notice of Removal outside the 30-day period "on the basis of its own information" obtained through investigation. Roth, 720 F.3d at 1125.

Accordingly, Defendant's Notice of Removal is timely.

---

[1] In the Motion, Plaintiff contends he seeks a minimum of $35,000 in actual damages, which, when combined with a civil penalty of up to two times actual damages and attorney's fees, causes the amount in controversy to exceed $75,000. Mot. at 7 n.1. However, the Complaint did not specify an amount for actual damages; rather, Plaintiff merely requested "actual damages in an amount according to proof." Compl. at 5.

[2] Plaintiff alternatively argues his delivery of the Subject Vehicle's sales agreement and repair history to Defendant on April 10, 2025 "resolved" any uncertainty as to the amount in controversy in the Complaint. Mot. at 7-8; see also Reply at 1 ("Those documents . . . supplied every data point necessary to calculate the amount in controversy and determine removability."). However, these documents were sent and received "prior to the receipt of the initial pleading" and therefore "cannot trigger" the 30-day removal period under 28 U.S.C. § 1446(b). Carvalho, 629 F.3d at 886; see also Iniquez v. Ford Motor Co., No. CV 25-00055-SK, 2025 WL 1042712, at *4 (C.D. Cal. Mar. 21, 2025) (finding the defendant's receipt of a retail installment sale contract prior to litigation did not trigger the 30-day removal deadline).

**B.     DEFENDANT HAS MET ITS BURDEN FOR ESTABLISHING THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

**1.     Applicable Law**

To determine the amount in controversy, "courts first look to the complaint" and generally find the "sum claimed by the plaintiff controls if the claim is apparently made in good faith." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (citation and internal quotation marks omitted). Where the amount in controversy is unclear or ambiguous from the face of the state-court complaint, "a defendant's amount in controversy allegation is normally accepted . . . unless it is 'contested by the plaintiff or questioned by the court.'" Jauregui v. Roadrunner Transp. Servs., Inc., 28 F.4th 989, 992 (9th Cir. 2022) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87 (2014)).

"When a plaintiff contests the amount in controversy allegation, 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" Jauregui, 28 F.4th at 992 (quoting Dart Cherokee Basin Operating Co., 574 U.S. at 88). Parties may submit evidence, "including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Ibarra, 775 F.3d at 1197 (citation and internal quotation marks omitted). "A defendant may rely on reasonable assumptions to prove that it has met the statutory threshold." Harris v. KM Indus., Inc., 980 F.3d 694, 701 (9th Cir. 2020). "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture[.]" Ibarra, 775 F.3d at 1197.

"[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 793 (9th Cir. 2018). However, the amount of controversy is reduced if "a rule of law or measure of damages limits the amount of damages recoverable." Morris v. Hotel Riviera, Inc., 704 F.2d 1113, 1115 (9th Cir. 1983).

Under the Song-Beverly Act, the buyer of a vehicle may recover "in an amount equal to the actual price paid or payable by the buyer," reduced by an amount "directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity." Cal. Civ. Code § 1793.2(d)(2)(B)-(C); see also Schneider v. Ford Motor Co., 756 F. App'x 699, 701 n.3 (9th Cir. 2018) ("Consideration of the Use Offset [is] appropriate."). This reduction, also known as a mileage offset, is calculated by dividing the number of miles driven prior to first delivery for correction by 120,000 and multiplying the resulting fraction by the actual price of the new motor vehicle paid or payable by the buyer. Cal. Civ. Code § 1793.2(d)(2)(C). In addition to restitution, the buyer may recover a civil penalty up to two times the amount of actual damages if the statutory violations were willful. Id. § 1794(c).

///

///

///

### 2. Analysis

Here, Plaintiff argues Defendant fails to establish, by a preponderance of the evidence, the amount in controversy exceeds $75,000.[3]  See Mot. at 8-10; Reply at 2 ("Defendant offers no competent evidence quantifying damages, penalties, or fees."). However, contrary to Plaintiff's assertions, Defendant has provided ample evidence to support its amount in controversy allegations, including the Retail Installment Sale Contract, Repair History, and Payment History for the Subject Vehicle. The Retail Installment Sale Contract shows the total price paid for the Subject Vehicle was $69,500.84. RISC at 1. Based on the Retail Installment Sale Contract and Repair History, Defendant estimates the mileage offset to be $13,765.46.[4] Opp. at 14. Moreover, Defendant alleges it is entitled to an additional statutory offset of $4,852.[5] Id. Hence, Defendant approximates Plaintiff's actual damages at $50,883.38. Id. at 13.

Plaintiff argues Defendant's estimate of $50,883.38 in actual damages is "not supported by facts or evidence presented in Defendant's Notice of Removal, Opposition, or from the face of Plaintiffs' Complaint." Reply at 4. However, as discussed above, Defendant submits sufficient evidence with the Opposition to support its calculation of actual damages and statutory offsets. See, e.g., Carillo v. FCA USA, LLC, 546 F. Supp. 3d 995, 1001-04 (C.D. Cal. 2021) (finding the defendant satisfied the amount in controversy requirement by a preponderance of the evidence according to the sales contract and repair order).

In addition to actual damages, Defendant alleges the amount of the civil penalty at stake is $101,766.76, or two times the amount of actual damages. Opp. at 14-15; see Cal. Civ. Code § 1794(c). Plaintiff argues Defendant "fails to establish that inclusion of civil penalties is appropriate." Mot. at 10. Specifically, Plaintiff argues Defendant does not show, by a preponderance of the evidence, "*the willfulness that might support such an award.*" Reply at 6 (emphasis in original). However, because Defendant has established actual damages by a preponderance of the evidence, the amount of the civil penalty is likewise non-speculative. See, e.g., Ghebrendrias v. FCA US LLC, No. CV 21-06492-VAP-PDx, 2021 WL 5003352, at *2 (C.D. Cal. Oct. 28, 2021) (computing the civil penalty based on actual damages). Additionally, the Complaint alleges willfulness and states Plaintiff "is entitled to a civil penalty of two times Plaintiff's actual damages."

---

[3] Plaintiff does not dispute there is complete diversity in the citizenship of the parties.

[4] Defendant alleges the number of miles driven prior to the first delivery for correction was 27,623 miles. Opp. at 14; compare RISC at 1 (showing the total mileage at the time of purchase was 22 miles) with Fitch Decl., ¶ 3, Ex. B (showing the total mileage when the Subject Vehicle was presented for repair on September 24, 2024 was 27,645 miles). Further, Defendant alleges the "actual price of the new motor vehicle" for the purpose of calculating the mileage offset was $59,800, or the cash value of the Subject Vehicle at the time of purchase. Opp. at 14; see RISC at 2. Plaintiff does not dispute any of the figures or methods used by Defendant to compute the mileage offset.

[5] Among other charges, optional service contracts from third parties, manufacturer's rebates, and unpaid financing costs must be deducted from actual damages under the Song-Beverly Act. See Cal. Civ. Proc. Code § 871.27(b)-(f). The Retail Installment Sale Contract shows two optional service contracts of $1,095 and $3,007 and a manufacturer's rebate of $750. RISC at 2. The Payment History shows the Subject Vehicle was paid off as of July 30, 2025. Fitch Decl., ¶ 4, Ex. C.

Compl. ¶¶ 17, 24, 28.  Defendant is not "required to put forth evidence of its own willfulness to oppose a motion to remand." De Vidal v. Ford Motor Co., No. CV 21-07115-FLA-JPRx, 2022 WL 17093070, at *4 (C.D. Cal. Nov. 21, 2022); see also Brooks v. Ford Motor Co., No. CV 20-302-DSF-KKx, 2020 WL 2731830, at *2 (C.D. Cal. May 26, 2020) ("It would be absurd to suggest a defendant must offer evidence showing it willfully failed to comply with the Song-Beverly Act . . . .).  Hence, Defendant has sufficiently established that Plaintiff has placed the maximum amount of the civil penalty in controversy, "whatever the likelihood that [he] will actually recover" that amount.  Chavez, 888 F.3d at 417; see also Amavizca v. Nissan N. Am., Inc., No. EDCV 22-02256-JAK-KKx, 2023 WL 3020489, at *8 (C.D. Cal. Apr. 19, 2023) ("[Defendant] need not prove that Plaintiff[] [is] more likely than not to obtain the maximum civil penalty award; [Defendant] need only prove, by a preponderance of the evidence, that Plaintiff[] ha[s] placed this amount in controversy."); Guaschino v. Hyundai Motor Am., No. CV 23-04354-MWF-JPRx, 2023 WL 5165548, at *5 (C.D. Cal. Aug. 10, 2023) (explaining Defendant must only "prov[e] by a preponderance of the evidence the amount *in controversy*, not the precise amount for which Defendant will inevitably be liable").

Thus, combining actual damages and the civil penalty, Defendant has established an amount in controversy of $152,650.14.[6]  Accordingly, Defendant has met its burden for establishing the amount in controversy exceeds $75,000.

## V.
## CONCLUSION

For the foregoing reasons, the Court finds Defendant's Notice of Removal is timely and Defendant has met its burden for satisfying the amount in controversy requirement.  Accordingly, Plaintiff's Motion to Remand is **DENIED**.  The hearing for the Motion scheduled for November 6, 2025 is **VACATED**.

**IT IS SO ORDERED**.

---

[6] Plaintiff also seeks attorney's fees.  Compl. at 5; see also Cal. Civ. Code § 1794(d) (allowing recovery of reasonable attorney's fees).  Defendant estimates Plaintiff will seek a minimum of $15,000 in attorney's fees.  Opp. at 15; Fitch Decl. ¶ 5.  While Plaintiff challenges Defendant's allegation as "self-serving" and "subjective," Mot. at 10, the Court need not consider this issue because Defendant has already satisfied the amount in controversy requirement from the estimated actual damages and civil penalty at stake.  See, e.g., Lee v. FCA US, LLC, No. CV 16-5190-PSG-MRWx, 2016 WL 11516754 (C.D. Cal. Nov. 7, 2016).